1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID LOZANO,                              No.  2:14-cv-2694 TLN DAD P

12                 Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14    JAMES GIOVINO, et al.,

15                 Defendants.

16

17          Plaintiff was committed to the custody of the California Department of Corrections and

18    Rehabilitation (CDCR) pursuant to a criminal conviction he suffered in state court in 2010.  (ECF

19    1 at 11.)  In 2011, he was relocated to La Palma Correctional Center (LPCC), a private

20    correctional facility located in Eloy, Arizona (id.), but CDCR retains ultimate custody over

21    plaintiff for the entirety of his sentence.

22          Plaintiff originally filed this action pro se in Sacramento County Superior Court on

23    August 14, 2014, identifying both defendants as members of the "LPCC medical department" and

24    alleging they were deliberately indifferent to his serious medical condition. (Id. at 11-13.) On

25    November 17, 2014, the defendants removed the action to this court, asserting that federal

26    jurisdiction lies under 28 U.S.C. §§ 1331 and 1332.  (Id. at 2.)  Defendants have now filed a

27    motion to dismiss the action, arguing two grounds:  (1) that the court lacks personal jurisdiction

28    over both of them and (2) that this court is the improper venue for plaintiff's claims.  They have

1

1   also requested in the alternative that this action be transferred to the U.S. District Court for the

2   District of Arizona pursuant to 28 U.S.C. § 1404(a).

3        I.  Background

4        In his complaint plaintiff alleges as follows.  Plaintiff fell on his right wrist while playing

5   basketball at LPCC in 2013.  (ECF No. 1 at 11.) Defendant Giovino, a doctor at LPCC, ordered

6   an x-ray of the wrist and "informed Plaintiff that x-ray results were negative for any fractures or

7   breaks." (Id. at 12.)  According to plaintiff, he asked Dr. Giovino to perform an MRI of his wrist

8   because he believed the extreme pain he was suffering indicated a more serious injury, but the

9   doctor refused and instead merely issued the plaintiff ibuprofen. (Id.)

10        Plaintiff submitted a CDCR health care appeal to LPCC, requesting to be seen by a

11   specialist. (Id. at 22-23.)  That inmate appeal was denied at the initial level by defendant Burnett,

12   the Health Services Administrator at LPCC.[1]  (Id.)  Plaintiff alleges he remained in extreme pain

13   for six months until he was finally taken to "an outside hospital" where examination "revealed

14   Plaintiff had a severe fracture that required a complex surgery due to the wrong healing of the

15   break because of no immediate surgery." (Id. at 11.)  Plaintiff avers that he "suffered almost one

16   year of continued pain and suffering at the hands of Giovino and Burnett." (Id. at 13.)

17        II.  Jurisdiction

18        A federal court has the freestanding obligation to ensure it has subject matter jurisdiction

19   over a case, including a case that has come to it under the federal removal statute.  See 28 U.S.C.

20   § 1447(c).  A case that is filed originally in state court is removable to federal court only if there

21   is on the face of the complaint a basis for finding federal subject matter jurisdiction under 28

22   U.S.C. § 1331 or § 1332.  See 28 U.S.C. § 1441(a), (b); Wayne v. DHL Worldwide Express, 294

23

---

24   [1]  It appears from the documents attached to plaintiff's complaint that a CDCR prisoner with a

25   medical grievance at LPCC follows the usual three-step administrative inmate appeals process
that CDCR inmates at California prisons are required to follow.  However, at least in this

26   instance, the first-level response was generated at LPCC by an LPCC official, defendant Burnett,
who applied the applicable California regulations to plaintiff's inmate appeal.  (See ECF No. 1 at

27   22-23.)  The second- and third-level responses were generated by non-party officials with
California Health Care Services, a division of CDCR, located in Elk Grove, California within the

28   boundaries of this court.  (See ECF No. 1 at 24-28.)

1  F.3d 1179, 1183 (9th Cir. 2002). Here, while the plaintiff repeatedly uses the phrase "deliberate

2  indifference" to describe the defendants' state of mind or attitude toward his medical condition,

3  plaintiff does not go so far as to allege a claim explicitly under 42 U.S.C. § 1983, which is a state

4  prisoner's source for a federal right of action for deliberate indifference to a serious medical

5  condition. However, plaintiff does not expressly invoke California state law as the basis of his

6  claims either.

7          Courts must strictly construe the removal statute against removal jurisdiction. Boggs v.

8  Lewis, 863 F.2d 662, 663 (9th Cir. 1988). On the other hand, the court holds pro se pleadings to

9  a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520

10  (1972). "In particular, no heightened pleading rule requires plaintiffs seeking damages for

11  violations of constitutional rights to invoke § 1983 expressly in order to state a claim." Johnson

12  v. City of Shelby, Miss., ___U.S.___, ___, 135 S. Ct. 346, 347 (2014). Had plaintiff filed this

13  complaint originally in this court, the court would have had ample grounds for construing it as an

14  action brought under 42 U.S.C. § 1983 and would have done so. See Snow v. Ford Motor

15  Company, 561 F.2d 787, 789 (9th Cir. 1977) (stating "the well-settled rule that . . . a federal court

16  can exercise removal jurisdiction over a case only if it would have had jurisdiction over it as

17  originally brought by the plaintiff"). The court concludes, therefore, it has subject matter

18  jurisdiction over this action under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. §

19  1441(a).[2]

20          III.  Venue

21          Federal Rule of Civil Procedure 12(b)(3) authorizes a party to challenge the propriety of

22  venue in the district court where a plaintiff has filed his case. Once a defendant makes a motion

23  under Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper. See Piedmont

24  Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979); Koresko v.

25  RealNetworks, Inc., 291 F.Supp.2d 1157, 1160 (E.D. Cal. 2003); Willis v. Citi Residential

26

27  _____
    [2]  Having found that federal question jurisdiction exists on the face of plaintiff's complaint, the
    undersigned does not address whether diversity jurisdiction would also have provided a basis for
28  removal under 28 U.S.C. 1332 and 28 U.S.C. § 1441(b).

1    Lending, No. CIV S-07-2691 GEB DAD PS, 2008 WL 2074477 (E.D. Cal. May 8, 2008).

2    Analysis for purposes of Rule 12(b)(3) does not require that all factual statements in the

3    complaint be accepted as true, and the court may consider facts and evidence outside the

4    pleadings in assessing such a motion.  See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324

5    (9th Cir. 1996); Berman v. Modell, No. 2:13-cv-0565 TLN AC PS, 2013 WL 5703352 at *5.

6    However, the court must draw all reasonable inferences in favor of the non-moving party.

7    Berman, 2013 WL 5703352 at *5.

8            Venue for federal claims is proper in the district in which (1) any defendant resides, if all

9    of the defendants reside in the same state, (2) the district in which a substantial part of the events

10   or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

11   of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

12   no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

13           Here, both defendants have submitted affidavits in which they state they live in Arizona

14   and have never lived or worked in California.  (See Declaration of Burnett (ECF No. 3-1) at 1;

15   Declaration of Giovino (ECF No. 3-2) at 1.)  All of the actions alleged in the complaint occurred

16   in Arizona.  Therefore the first two factors of § 1391(b) lean strongly in favor of finding venue is

17   improper in this district and that it properly lies in Arizona; the third factor is inapplicable.

18   Indeed the undersigned and at least one other federal judge in California have previously reached

19   this same conclusion analyzing the venue for claims brought by California inmates at LPCC.  See

20   Tilton v. Brown, No. 2:12-cv-2020 LKK DAD P, 2013 WL3804583 at *3 (E.D. Cal. July 19,

21   2013) (finding that the proper venue for claims regarding access to the LPCC library was in

22   Arizona); Marroquin v. Cate, No. C 11-4535 SBA (PR), 2013 WL 451405, at *4 (N.D. Cal. Feb.

23   5, 2013) (concluding that venue for plaintiff's claims concerning reasonable accommodations,

24   adequacy of medical treatment and failure to protect at LPCC is in Arizona); see also Lee v.

25   Corrections Corporation of America, 525 F. Supp. 2d 1238, 1242 (D. Hawaii 2007) (rejecting

26   plaintiff's argument that venue was proper in Hawaii based on the contract between CCA and the

27   Hawaii Department of Public Safety (DPS) and the latter's responsibility to monitor the treatment

28   of Hawaii inmates, and concluding that venue was proper in Mississippi where the plaintiff

4

allegedly sustained injuries when he was attacked by other inmates); <u>Davis v. State of Hawaii</u>, Civ. No. 08-00434 JMS-BMK, 2009 WL 1227841, at *4 (D. Hawaii May 4, 2009) (concluding that venue was proper in Arizona, where the Hawaii state prisoner was incarcerated and where he allegedly was prevented from practicing his Native Hawaiian religion).  Nothing in this case suggests a different conclusion.  Accordingly, the undersigned concludes that here, venue is improper in this district.

IV.   <u>Dismissal vs. Transfer</u>

Once a federal district court decides venue is improper, it has discretion to dismiss the case pursuant to Rule 12(b)(3) or transfer it to a proper venue if the convenience of the parties and the interests of justice allow.  28 U.S.C. § 1406(a); <u>King v. Russell</u>, 963 F.2d 1301, 1304 (9th Cir. 1992).  "The purpose of § 1404(a) is 'to prevent the waste of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" <u>Lung v. Yachts Int'l</u>, 980 F. Supp. 1362, 1369 (D. Haw. 1997) (quoting <u>Van Dusen v. Barrack</u>, 376 U.S. 612 (1964)). Furthermore, a federal district court need not assure itself that it has personal jurisdiction over the defendants before exercising its discretion to transfer a case to the appropriate venue rather than dismiss it outright. <u>See</u> <u>Berman</u>, 2013 WL 5703352 at *5 (stating that "[b]ecause the undersigned recommends the transfer of this entire case on venue grounds, the court need not reach the question whether this court has personal jurisdiction over the defendant"); <u>Kawamoto v. CB Richard Ellis, Inc.</u>, 225 F.Supp.2d 1209, 1211-12 (D. Haw. 2002) (collecting cases).

In <u>Jones v. GNC Franchising, Inc.</u> 211 F.3d 495, 498-99 (9th Cir. 2000), the Ninth Circuit listed numerous factors to be considered in deciding whether to transfer a case under 28 U.S.C. § 1404(a).  Not every factor will apply in every case.  They are:  (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.  Here, all of the witnesses

1  necessary to prosecute and defend this case are located in Arizona.  All three parties to the action

2  reside in Arizona.  While the plaintiff's choice of forum often is a compelling factor leaning

3  against transfer, when the plaintiff does not live in his chosen forum, that factor loses weight in

4  the analysis.  See Berman, 2013 WL 5703352 at *9.  That is the case here.  The convenience of

5  the parties and any witnesses would clearly be well served by transferring this case to the District

6  of Arizona.

7          Finally, the interests of justice would be served because "transfer of the action as opposed

8  to dismissal will spare plaintiff the delay and expense involved in re-filing the action and re-

9  serving the defendant."  Id. at *7.  Relying on that ground, as well as the others discussed above,

10  the undersigned concludes that the defendants' alternative request that this action be transferred to

11  the District of Arizona should be granted.  For the reasons set forth at the outset, the motion to

12  dismiss for lack of personal jurisdiction and for improper venue should be denied.[3]

13          Accordingly, IT IS RECOMMENDED that:

14          1.  Defendants' motion to dismiss (ECF No. 3) be denied.

15          2.  The court find that venue in this case is improper in this District.

16          3.  The alternative motion to transfer this action (ECF No. 3) to the U.S. District Court for

17  the District of Arizona pursuant to 28 U.S.C. § 1404(a) be granted.

18          These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20  after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23  objections shall be served and filed within fourteen days after service of the objections.  The

24  /////

25  _____

[3]  As explained above, the undersigned need not decide whether it has personal jurisdiction over a
26  case before transferring it under 28 U.S.C. § 1404(a).  See Berman, 2013 WL 5703352 at *5 n.3
("Courts have repeatedly held that a change of venue from a forum where there is a difficult
27  question of personal jurisdiction to a district where there are not such uncertainties serves the
interest of justice").   Therefore the undersigned does not reach defendants' argument that this
28  court lacks personal jurisdiction over them.

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  August 21, 2015

4

5                                                    DALE A. DROZD

6                                                    UNITED STATES MAGISTRATE JUDGE

7   hm
    loza2694.57

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    7